ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

IN RE MISCELLANEOUS
SUBPOENAS

CASE NO: 3:16-mc-03

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**MOTION TO QUASH ON
BEHALF OF NON-PARTIES
WESTERN SKY FINANCIAL,
LLC AND MARTIN A. WEBB**

MOTION TO QUASH ON BEHALF OF NON-PARTIES WESTERN SKY FINANCIAL, LLC
AND MARTIN A. WEBB

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Non-parties Western Sky Financial, LLC ("Western Sky") and Martin A. Webb ("Mr. Webb"), both as registered agent for Western Sky and as individual, file this motion to quash pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, all applicable Local Rules, and Rule 45(c) of the Cheyenne River Sioux Tribe ("CRST") Rules of Civil Procedure.

This motion to quash relates to three separate subpoenas simultaneously issued to Western Sky and Mr. Webb in the Eastern District of Virginia case, captioned Hayes v. Delbert Services Corporation, Case No. 3:14-cv-258:

(1) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Martin A. Webb as registered agent for Western Sky;

(2) Subpoena to Testify at a Deposition in a Civil Action to Martin A. Webb as registered agent for Western Sky; and

(3) Subpoena to Testify at a Deposition in a Civil Action to Mr. Webb individually (collectively, the "Subpoenas").[1]

In short, none of the Subpoenas have been properly served, and compliance with the Subpoenas would subject non-parties Western Sky and Mr. Webb to undue burden and extraordinary expense.  See Fed. R. Civ. P. 45(d)(3).  Accordingly, quashal is both warranted and required.

**II.    ARGUMENT**

**A.     The Subpoenas Should Be Quashed For Invalid Service.**

Courts routinely quash nonparty subpoenas that fail to comply with applicable procedural rules.  See, e.g., Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (reasoning that because the

---

[1] The Subpoenas are attached hereto as Exhibits 1-3, respectively.

MOTION TO QUASH ON BEHALF OF NON-PARTIES WESTERN SKY FINANCIAL, LLC
AND MARTIN A. WEBB

1 | nonparty subpoena did not comply with the service procedures outlined in Rule 45,
2 | the district court's order to quash was appropriate). That is what happened here:
3 | service was improper and invalid under both federal and tribal law.

4 |       Under Rule 45 of the Federal Rules of Civil Procedure: "Serving a subpoena
5 | requires delivering a copy to the named person and, if the subpoena requires that
6 | person's attendance, tendering the fees for 1 day's attendance and the mileage
7 | allowed by law." Fed. R. Civ. P. 45(b)(1). The Eighth Circuit interprets "delivery"
8 | under the rule to require personal service. Atmosphere Hosp. Mgmt., LLC v.
9 | Curtullo, No. 5:13-CV-05040-KES, 2015 WL 136120, at *10 (D.S.D. Jan. 9, 2015)
10 | ("Service of a subpoena requires personal service; it is not sufficient to leave a copy
11 | of the subpoena at the witness' home nor can a subpoena be served by serving the
12 | witness' lawyer."); Precourt v. Fairbank Reconstruction Corp., No. CIV. 10-MC-130,
13 | 2011 WL 310740, at *3 (D.S.D. Jan. 28, 2011) ("the Eighth Circuit follows the
14 | majority, which requires *personal service* for a nonparty subpoena) (emphasis
15 | added); see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and
16 | Procedure § 2454 (4th ed. 2010) ("The use of the word 'delivering' in subdivision
17 | (b)(1) of the rule [Rule 45] with reference to the person to be served has been
18 | construed literally. Under this construction, contrary to the practice with regard to
19 | the service of a summons and complaint, it is not sufficient to leave a copy of the
20 | subpoena at the dwelling place of the witness."). Personal service is required
21 | because "[w]hen a non-party is served, the method of service needs to be one that
22 | will ensure the subpoena is placed in the actual possession or control of the person to
23 | be served." Firefighter's, 220 F.3d at 903 (quashing subpoena and holding that Rule
24 | 45 "is not broad enough to include either fax or regular mail because the court cannot
25 | be assured that delivery has occurred")

26 |       Just as in Firefighter's, service of the Subpoenas to Mr. Webb as the registered
27 | agent for Western Sky and to Mr. Webb individually is improper and invalid because
28 | Plaintiffs made no efforts to ensure the Subpoenas were placed in the actual

1  possession or control of the person to be served, Martin A. Webb. See id.; see

2  generally Declaration of Martin A. Webb. Specifically, none of the Subpoenas were

3  delivered by personal service as required. (Webb Declaration ¶¶ 2-4.) Rather,

4  Plaintiffs' relied upon Federal Express to mail the documents.[2] The Federal Express

5  packages did not require a signature and no effort was made to deliver those

6  packages to an actual person. (See id. ¶¶ 3-4.) Instead, the Federal Express

7  packages were left outside in the rain on the doorstep of a building, and were

8  discovered by someone other than Mr. Webb. (Id. ¶¶ 2-3.) Because of the rain, at

9  the time the Federal Express packages containing the subpoenas were found, the glue

10  on the packages had unsealed and the packages were partially open and the contents

11  were wet. (Id. ¶¶ 2-3.) To date, no one has attempted to personally serve Mr. Webb

12  individually or on behalf of Western Sky. (Id. ¶ 4.)

13     Moreover, even if the documents had not been left on the building doorstep

14  and were delivered to someone other than Mr. Webb, service would still be improper.

15  See Precourt, 2011 WL 310740, at *3 ("GOPAC served the subpoenas on BPI by

16  leaving them with Jochum's wife at Jochum's residence. Jochum's wife is not a

17  registered agent of BPI. Consequently, GOPAC did not properly serve the

18  subpoenas on BPI because GOPAC did not place the subpoenas in Jochum's actual

19  possession. Accordingly, BPI's motion to quash is granted.").

20     Service of the Subpoenas also is improper under the Cheyenne River Sioux

21  Tribe ("CRST") Rules of Civil Procedure. Mr. Webb is a member of the CRST tribe,

22  and lives on the CRST reservation. (Webb Declaration ¶ 1.) At the time it was

23  operational, Western Sky also was located within the exterior boundaries of the

24  
25  [2] Although Federal Express may or may not be a faster method of delivery than regular mail in certain circumstances, the speediness of the delivery is not a key consideration, given that the Eighth Circuit also has ruled that fax is an improper

26  method of serving a subpoena. Firefighter's, 220 F.3d at 903. Rather, the key consideration is a type of delivery that will ensure the subpoena was personally

27  received. Id. In this case, leaving Federal Express envelopes on the doorsteps of a building in the rain surely must be just as, if not more, insufficient than service by

28  mail or fax.

1  CRST reservation, and the location where service by Federal Express mail was
2  improperly attempted also is within reservation boundaries.   (Id. at ¶ 2.)
3  Accordingly, both Mr. Webb and Western Sky are governed by tribal law.  Under
4  CRST Rule of Civil Procedure 45(c), "[a] subpoena may be served *by any tribal*
5  *member* who is not a party and is not less than 18 years of age.") (emphasis added).
6  As established above, personal service was not affected in this case, let alone
7  affected by an enrolled CRST tribal member.  Accordingly, service of the Subpoenas
8  was improper and invalid for this additional reason.

9
       **B.     The Subpoenas Should Be Quashed Under FRCP 45(b)(3) For
10            Undue Burden and Expense.**

11        Because service was improper, the Court need not reach the burden issue.  See
12  Atmosphere Hosp. Mgmt., 2015 WL 136120, at *11, n.7 ("Because plaintiff never
13  properly served the subpoenas on Sacha, the court declines to grant plaintiff's motion
14  to compel production of documents pursuant to the subpoena duces tecum directed to
15  Sacha.").  However, an independent ground upon which to quash the Subpoenas is
16  pursuant to Rule 45(d)(3), which requires the court to quash any subpoena that
17  "subjects a person to undue burden."  See also Fed. R. Civ. P. 45(d) (1) ("A party or
18  attorney responsible for issuing and serving a subpoena must take reasonable steps to
19  avoid imposing undue burden or expense on a person subject to the subpoena.")
20  "When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's
21  undue burden and expense cautions."   Precourt, 280 F.R.D. at  467 (citing Wright &
22  Miller, at § 2459).

23        In this case, Western Sky also moves to quash the Subpoenas because
24  compliance would impose an undue burden and expense on Mr. Webb to gather an
25  extraordinary amount of documents, and appear for two separate depositions.

26              **1.     Western Sky Document Subpoena**
27        As initial matter, Plaintiffs' document subpoena to Western Sky makes no
28  effort to narrow or tailor the documents requested and, instead, appears to be an

5

1  improper fishing expedition. The 37 individual document requests attached as
2  Exhibit A to the Western Sky document subpoena are worded so broadly that, on
3  their face, they essentially seek "*all*" documents whatsoever relating to Western Sky,
4  or Western Sky's business relationship with the CashCall and WS Funding entities.
5  (See, e.g., (Request No. 20) ("All emails, correspondence or other communications
6  between *any officer, employee, or representative* of Western Sky and CashCall")
7  (emphasis added); see also (Request No. 7) ("All documents that relate to, discuss or
8  describe the operational and/or financial relationship between Western Sky and
9  CashCall"); (Request No. 8) ("All documents that relate to, discuss or describe the
10  operational and/or financial relationship between CashCall and WS Funding");
11  (Request No. 32) ("All document relating to the underwriting and funding of
12  Western Sky loans.").[3]

13       At the height of its operations, Western Sky had over 100 employees, and
14  funded thousands of loans. Western Sky conducted all of its business with WS
15  Funding and CashCall. Western Sky ceased all business operations in or around
16  September 2013, and presently has no employees, offices, or operations of any kind.
17  Gathering all emails, correspondence or communications between any employee of
18  Western Sky or CashCall would be a significant undertaking, and one that Mr. Webb
19  as an individual cannot afford. The breadth of the document requests in this case
20  also are illustrated by the fact that several requests seek the production of documents
21  going back to January 1, 2005, approximately four full years before Western Sky
22  even began doing business and therefore are in no way tailored to elicit relevant
23  information. (See Request Nos. 24, 37.) Mr. Webb respectfully requests that the
24  Court not condone such a fishing expedition at his expense. See United States v.
25
26

27      [3] To fully preserve all objections, a full set of Western Sky's Responses and
Objections to the Subpoena to Produce Documents, Information, or Objects or to
28  Permit Inspection of Premises in a Civil Action are attached hereto as Exhibit 4.

MOTION TO QUASH ON BEHALF OF NON-PARTIES WESTERN SKY FINANCIAL, LLC
AND MARTIN A. WEBB

1 | Libby, 432 F. Supp. 2d 26, 38-39 (D.D.C. 2006) (finding "any employee or agent"
2 | language was part of the reason the request represented a fishing expedition).
3 |      Plaintiffs' document subpoena also should be quashed because much of the
4 | information sought could be obtained directly from parties in the action. "If the
5 | party seeking the information can easily obtain the same information without
6 | burdening the nonparty, the court will quash the subpoena." Precourt, 280 F.R.D. at
7 | 467; see also Wells v. Lamplight Farms Inc., 298 F.R.D. 428, 433 (N.D. Iowa 2014)
8 | ("Indeed, if discovery can easily be obtained from a party, it may be inappropriate to
9 | demand the same discovery from a nonparty."); In re Cantrell, No. 09–mc–0158–
10 | CV–W–GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (quashing a
11 | nonparty document subpoena because a party in the action had the information); Doe
12 | v. Young, No. 4:08CV197 TIA, 2008 WL 4790309, at *2 (E.D. Mo. Oct. 28, 2008)
13 | ("Inasmuch as the instant record shows that other sources of information have not
14 | been exhausted, the Court will grant the motion to quash subpoena and notice of
15 | deposition at this time."). For example, over half of the requests directly reference
16 | documents related to Defendants or Defendants' companies (e.g., CashCall, Delbert,
17 | WS Funding, and J. Paul Reddam). (See Request Nos. 1-3, 6-9, 11-22, 24, 33-34.)
18 |      In addition, several of the document requests are entirely unrelated to Western
19 | Sky or Mr. Webb in any way, and call for the disclosure of information not in
20 | Western Sky's possession, custody, or control or information regarding third parties
21 | over whom Western Sky has no control. For example, Document Request No. 33
22 | seeks "All documents concerning or related to the dissolution or winding up of
23 | Delbert." (Request No. 33). Delbert is a named defendant in the action, and the
24 | document request in no way even mentions either Western Sky or Mr. Webb. (See
25 | also (Request No. 11) ("All documents concerning, referencing or related to the
26 | creation and/or formation of CashCall."); (Request No. 12) ("All documents
27 | concerning, referencing or related to the creation and/or formation of WS Funding.").
28 |      Accordingly, Plaintiffs have not shown a "substantial need for the testimony

1  or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P.
2  45(c)(3)(B).

3      **2.    Deposition Subpoenas to Western Sky and Mr. Webb**

4        The subpoena to Martin A. Webb as registered agent for Western Sky suffers
5  from the same infirmities as the document requests.  Rule 30(b)(6) provides that the
6  noticing party "must describe with reasonable particularity the matters for
7  examination" when deposing a corporate representative.  Fed. R. Civ. P. 30(b)(6).  In
8  this case, the topics on which examination is requested are virtually unlimited and
9  include any and all information sought in the document requests.  (Ex. 1, ¶ 1)
10  (seeking to examine Mr. Webb as the agent for Western Sky regarding:  "Any and all
11  information related to or referenced in Plaintiffs' Exhibit 'A' to the Subpoena to
12  Produce Documents, Information or Objects served simultaneously with the
13  Subpoena to Testify at a Deposition attached hereto.")  Such topics would put the
14  corporation, and Mr. Webb specifically, to the impossible task of preparing for an
15  open-ended, and theoretically infinite subject.  This is not permitted by the rules.

16        Even putting aside defective service, Mr. Webb's individual deposition
17  subpoena should be quashed because Plaintiffs have shown no need to depose him at
18  this time.  "Preparing and sitting for a deposition is always a burden, even when
19  documents are not requested, particularly for a non-party."  <u>Amini Innovation Corp.</u>
20  <u>v. McFerran Home Furnishings, Inc.</u>, 300 F.R.D. 406, 412 (C.D. Cal. 2014).
21  Discovery requests in this matter are premature because the case is not yet even at
22  issue.  Plaintiffs recently filed a Second Amended Complaint in this action on May
23  17, 2016, and Defendants have until June 24, 2016 to file their responsive pleadings.
24  The return date on the Subpoenas are June 29, 2016, and July 1, 2016, respectively,
25  prior to any date in which the Court could rule on any pending motions.
26  Accordingly, Western Sky and Mr. Webb requests that this Court quash all
27  outstanding Subpoenas presently issued to Western Sky or Mr. Webb.

28

MOTION TO QUASH ON BEHALF OF NON-PARTIES WESTERN SKY FINANCIAL, LLC
AND MARTIN A. WEBB

III.   **CONCLUSION**

For all of the reasons above, Western Sky Financial, LLC and Martin A. Webb, both as registered agent for Western Sky and as an individual, respectfully request that the Court quash the Subpoenas attached hereto as Exhibit 1, Exhibit 2, and Exhibit 3.


DATED:  June 23, 2016

Respectfully submitted,

BOGUE & BOGUE, LLP


By *Cheryl Laurenz Bogue / DKH*
Bogue and Bogue, LLP
Cheryl Laurenz-Bogue
PO Box 250
Faith, South Dakota  57626
Telephone:  605-365-5171
boguelaw2@gmail.com

SPERTUS, LANDES & UMHOFER, LLP
Matthew D. Umhofer (*pro hac vice
application pending*)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
matthew@spertuslaw.com

Attorneys for Non-Parties Western Sky
Financial, LLC and Martin A. Webb

MOTION TO QUASH ON BEHALF OF NON-PARTIES WESTERN SKY FINANCIAL, LLC
AND MARTIN A. WEBB

1

<u>CERTIFICATE OF SERVICE</u>

2    STATE OF CALIFORNIA        )

                                  )

3    COUNTY OF LOS ANGELES    )

4

       I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is 1990 S. Bundy Drive, Suite 705, Los Angeles, California 90025.  On June 23, 2016, I served the foregoing documents [PROPOSED] ORDER on the interested party in this action, as follows:

7

SEE ATTACHED LIST

8

    [X ] **(VIA MAIL)** I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Los Angeles, California.  I am readily familiar with the practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

12

    [] **(E-MAIL)** I caused a copy of the document to be sent to the persons at the e-mail addresses on the attached Service List via electronic transmission.

14

    [X] **(FEDERAL COURT ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 23, 2016, at Los Angeles, California.

                                                 _Irene Clark_
                                               Irene Clark

-1-

1

**SERVICE LIST**

2

Leonard Anthony Bennett
3      Susan Mary Rotkis
       Craig C. Marchiando
4      Consumer of Litigation Associates
       763 J Clyde Morris Boulevard
5      Suite 1A
       Newport News, VA 23601
6      Email: lenbennett@clalegal.com
       Email: srotkis@clalegal.com
7      Email: craig@clalegal.com

8
       Attorneys for Plaintiffs
9
       Kristi Cahoon Kelly
10     Andrew J. Guzzo
       Kelly & Crandall, PLC
11     4084 University Drive
       Suite 202A
12     Fairfax, Virginia 22030
       Email: kkelly@kellyandcrandall.com
13     Email: aguzzo@kellyandcrandall.com

14
       Attorneys for Plaintiffs
15

16     Warren T. Allen II
       Jennifer Zoe Gindin
17     Gregory Luce
       Joseph L. Barloon
18     Cliff Sloan
       Skadden, Arps, Slate, Meagher & Flom LLP
19     1440 New York Avenue, N.W.
20     Washington, D.C. 20005-2111
       Email: warren.allen@skadden.com
21     Email: jennifer.gindin@skadden.com
       Email: greg.luce@skadden.com
22     Email: jbarloon@skadden.com
23     Email: cliff.sloan@skadden.com

24     Attorneys for Delbert Services Corporation

25

26

27

28